**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 22-cr-60 (BAH)** |
| | **:** | |
| **VINCENT GILLESPIE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Standing Order, the parties hereby jointly submit this pretrial statement in advance of the December 19, 2022 trial in this matter.

**A.      Status of Plea Offers**

(i) The government extended a formal plea offer to resolve this case on or about May 31, 2022, in a written proposed plea agreement and an accompanying statement of offense.  The plea offer expired on July 14, 2022.  Defendant Gillespie rejected the plea offer.  The terms of the offer were as follows: Defendant Gillespie would plead guilty to Counts One and Eight of the Superseding Indictment, charging him with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1) and Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2; and the Government would move to dismiss all remaining counts of the Indictment at sentencing.

(ii)  Counsel for Defendant Gillespie communicated the terms of the plea offer, and a copy of the written plea agreement, to the defendant on or about June 21, 2022.  As part of this communication, counsel explained that the potential sentencing exposure in the event Defendant Gillespie accepted the plea offer was a maximum of 8 years' imprisonment for Count One and 20 years' imprisonment for Count Eight; a term of supervised release of not more than 3 years

for each count, pursuant to 18 U.S.C. § 3583(b)(2); a fine of not more than $250,000 for each

count, or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and

(d); and a $100 special assessment for each count.  Counsel also explained that the estimated

offense level under the United States Sentencing Guidelines was as follows:

Count One -- 18 U.S.C. § 111(a)(1)
U.S.S.G. § 2A2.2 Base Offense Level 14
U.S.S.G. § 3A1.2 Official Victim +6
Total **20**

Count 8 -- 18 U.S.C. § 1512(c)(2)
U.S.S.G. § 2J1.2(a) Base Offense Level 14
U.S.S.G. § 2J1.2(b)(1)(B) Injury/Property Damage +8
U.S.S.G. § 2J1.2(b)(2) Substantial Interference +3
Total **25**

The combined offense level pursuant to U.S.S.G. § 3D1.2(c) is **25**

U.S.S.G. § 3E1.1  Acceptance of Responsibility -3

Final offense level is 22

Counsel explained that a level 22 carries a guidelines term of imprisonment of 41-51 months

incarceration.

In the alternative, counsel explained that the potential sentencing exposure in the event

Defendant Gillespie rejected the plea offer and proceeded to trial on all eight counts was a

maximum of thirty-seven years in custody (8 years for 18 U.S.C. § 111(a)(1), a Class D felony; 5

years for 18 U.S.C. § 231(a)(3), a Class D felony; 20 years for 18 U.S.C. §§ 1512(c)(2) and 2, a

Class C felony; one year for each of three Class A misdemeanors charged; and six months for

each of two Class B misdemeanors charged; a term of probation of not more than five years for

each of two Class B misdemeanors pursuant to 18 U.S.C. § 3561(c); a term of supervised release

of not more than 14 years, pursuant to 18 U.S.C. § 3583(b)(2) and (3) (3 years for each of the

Class C and D felonies and one year for each of the Class A and B misdemeanors); a fine of not

more than a total of $1,060,00 ($250,000 for the Class C and D felonies pursuant to 18 U.S.C. § 3571(b)(3) and (d), $100,000 for each Class A misdemeanor pursuant to 18 U.S.C. § 3571(b)(5) and $5,000 for each Class B misdemeanor pursuant to 18 U.S.C. § 3571(b)(6)); and a special assessment of $395 ($100 per each of the Class C and D felonies, $25 per each of the three class A misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), and $10 per each of the class B misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii)).

**B.**     **Joint Statement of the Case**

This is a criminal case. The United States has charged Defendant Vincent Gillespie with violating eight separate federal criminal laws based on his conduct at the United States Capitol on January 6, 2021.  Specifically, the United States alleges that Vincent Gillespie unlawfully assaulted, impeded, intimidated, or interfere with law enforcement officers who were engaged in their official duties, he committed these acts during a civil disorder; he unlawfully entered and remained on the Capitol grounds; he unlawfully engaged in disorderly and disruptive conduct; unlawfully engaged in physical violence; and he obstructed Congress's Joint Session to certify the Electoral College votes all while on the grounds of the United States Capitol, on January 6, 2021.  Mr. Gillespie has pleaded not guilty to each charge, and he is presumed innocent of each of these charges.

**C.**     **Proposed Voir Dire Questions**

The parties' jointly-proposed voir dire questions are set forth in Exhibit 1.

**D.**     **Proposed Jury Instructions**

The parties' proposed jury instructions are set forth in Exhibit 2.  To the extent the parties object to any proposed instructions, those objections are noted.

**E.**     **List of Expert Witnesses**

At this time, the parties do not anticipate sponsoring the testimony of expert witnesses at trial.

**F.**     **List of Motions in Limine**

The United States has filed two motions in limine: authenticity of video evidence, and use of personnel information in cross-examination.

The defense has filed a motion in limine objection to two issues likely to occur at trial: (1) introduction of general evidence concerning actions and locales at the Capitol where Gillespie never was and did not know about, and (2) pejorative characterizations of January 6 participants and actions.

**G.**     **List of Prior Convictions**

Defendant Gillespie has no prior convictions.

**H.**     **List of Government Exhibits**

The list of government exhibits is attached as Exhibit 3.

At this time, the United States has identified the majority of exhibits it intends to use at trial. The exhibit list was compiled in a good-faith effort to identify all trial evidence that is known or identified at this time. The government reserves the right to supplement this list or to remove items from the list, as it develops additional evidence throughout trial preparations and to streamline the presentation of its case.  The government also reserves the right to introduce any evidence produced to the defense in discovery.  The defendant reserves the right to object to any modifications to the exhibit list on grounds related to undue delay, timeliness, and fair notice.

## I.      Stipulations

The government has proposed approximately ten stipulations. Defendant will likely agree to some, but not all, of the government's proposed stipulations. The parties will continue to discuss and resolve these issues.

## J.      Proposed Verdict Form

A proposed verdict form is attached as Exhibit 4.

FOR THE DEFENDANT

VINCENT GILLESPIE
Defendant


_____/s/_____
Timothy G. Watkins
FEDERAL DEFENDER OFFICE
District of Massachusetts
51 Sleeper Street
Fifth Floor
Boston, MA 02210
(617) 223-8061
timothy_watkins@fd.org


_____/s/_____
Forest O'Neill-Greenberg
51 Sleeper Street
5th Floor
Boston, MA 02210
617-391-2250
Forest_Oneill-greenberg@fd.org

FOR THE UNITED STATES

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


_____/s/_____
JACQUELINE SCHESNOL
Assistant United States Attorney
Arizona Bar No. 016742
Capitol Riot Detailee
jacqueline.schesnol@usdoj.gov
(602) 514-7500


_____/s/_____
CAROLINA NEVIN
Assistant United States Attorney
New York Bar No. 5226121
601 D Street, NW
Washington, DC 20001
carolina.nevin@usdoj.gov
(202) 803-1612