**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 22-cr-60 (BAH)** |
| **v.** | : | |
| | : | |
| **VINCENT GILLESPIE,** | : | |
| | : | |
| Defendant. | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

**Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14.   Credibility of Witnesses, Redbook 2.200

15.   Police Officer's Testimony, Redbook 2.207

16.   Right of Defendant Not to Testify, Redbook 2.208 *or*

      Defendant as Witness, Redbook 2.209, *as applicable*

17.   Statements of the Defendant – Substantive Evidence, Redbook 2.305

18.   Transcripts of Tape Recordings, Redbook 2.310

19.   Count One, Assaulting, Resisting, or Impeding Certain Officers, in violation of 18

      U.S.C. § 111(a)(1) [see proposal below]

20.   Count Two, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) [see proposal below]

21.   Count Three, Entering or Remaining in a Restricted Building or Grounds, in violation

      of 18 U.S.C. § 1752(a)(1) [see proposal below]

22.   Count Four, Disorderly or Disruptive Conduct in a Restricted Building or Grounds, in

      violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

23.   Count Five, Engaging in Physical Violence in a Restricted Building or Grounds, in

      violation of 18 U.S.C. § 1752(a)(4) [see proposal below]

24.   Count Six, Disorderly or Disruptive Conduct in a Capitol Building, in violation of 40

      U.S.C. § 5104(e)(2)(D) [see proposal below]

25.   Count Seven, Act of Physical Violence in the Capitol Grounds or Buildings, in

      violation of 40 U.S.C. § 5104(e)(2)(F) [see proposal below]

26.   Count Eight, Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§

      1512(c)(2), 2 [see proposal below]

27.   Proof of State of Mind, Redbook 3.101

28.   Multiple Counts – One Defendant, Redbook 2.402

29.   Unanimity—General, Redbook 2.405

30.   Verdict Form Explanation, Redbook 2.407

31.   Redacted Documents and Tapes, Redbook 2.500

32.   Exhibits During Deliberations, Redbook 2.501

33.   Selection of Foreperson, Redbook 2.502

34.   Possible Punishment Not Relevant, Redbook 2.505

35.   Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

36.   Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

37.   Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

38.   Excusing Alternate Jurors, Redbook 2.511

39.   Court Interaction with Jury During Deliberations – Note, Redbook 2.600

40.   When Jurors Cannot Agree, Redbook 2.601

41.   Instructions to Jury Before Polling, Redbook 2.602

42.   Instructions to Jury After Polling, Redbook 2.603

43.   Comment on Verdict – Note, Redbook 2.604

## ASSAULTING, RESISTING, or IMPEDING CERTAIN OFFICERS[1]
18 U.S.C. § 111(a)(1)

Count One charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** did forcibly assault, resist, oppose, impede, intimidate, or interfere with any person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department or United States Capitol Police.
> 2. The defendant did such acts forcibly.
> 3. The defendant did such acts voluntarily and specifically intended to inflict injury.
> 4. The person assaulted, resisted, opposed, impeded, intimidated, or interfered with was a person assisting officers of the United States who were then engaged in the performance of their official duties.
> 5. The defendant made physical contact with a person assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count Two or Count Eight.

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly. All of the acts alleged—assault, resist, oppose, impede, intimidate and interfere with—are modified by the word "forcibly." Thus, before you can find the defendant guilty you must find, beyond a reasonable doubt, that he acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that officers of the Metropolitan Police Department were acting in their official duties to assist federal officers of the United States Capitol Police and in protecting the

---

[1] 18 U.S.C. § 111(a)(1); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 11-15); *Tenth Circuit Pattern Jury Instruction* 2.09 (Assault on a Federal Officer); *United States v. Arrington*, 309 F.3d 40, 47 n.13 (D.C. Cir. 2002).

U.S. Capitol complex on January 6, 2021, and detaining individuals who lacked authorization to enter the restricted area around the complex. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long
as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

## **CIVIL DISORDER**[2]
18 U.S.C. § 231(a)(3)

Count Two charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** did commit or attempt to commit an act to obstruct, impede, or interfere with officers who were lawfully carrying out their official duties incident to a civil disorder, in violation of 18 U.S.C. § 231(a)(3).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with law enforcement officers.
> 2. At the time of the defendant's actual act, law enforcement officers were engaged in the lawful performance of his official duties incident to and during a civil disorder.
> 3. The civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Committing or attempting to commit this offense are not separate offenses but alternative ways in which the government alleges that defendant **VINCENT GILLESPIE** committed this same offense in Count Two. You need not conclude that he both committed and attempted to commit the acts described in the above paragraph. I will instruct you as to both the commission of the offense and the attempted commission of the offense below. You may consider these two alternatives in any order you wish.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

---

[2] 18 U.S.C. § 231(a)(3); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 15-18).

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

**DEFENSE OBJECTION:**

The defense does not believe it is necessary to include instruction on attempt, because as defense understands the evidence the government is alleging a completed act.  Therefore, the instruction on attempt is confusing and unnecessary.

**GOVERNMENT RESPONSE:**

The conduct alleged in the Superseding Indictment is charged in the conjunctive but need only be proved in the disjunctive.  Therefore, the government would like the instruction on attempt included.

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[3]
18 U.S.C. § 1752(a)(1)

Count Three charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

     1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
     2. The defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

---

[3] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 8); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 9-10); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 9).

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[4]
18 U.S.C. § 1752(a)(2)

Count Four charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. § 1752(a)(2).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
> 2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
> 3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" and "knowingly" have the same meanings as I have already described to you in the instructions for Count Four or for all of the charges.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

---

[4] 18 U.S.C. § 1752(a)(2); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 8-9); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 10); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 9-10).

9

## ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS[5]

18 U.S.C. § 1752(a)(4)

Count Five charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** did knowingly engage in any act of physical violence against a person or property in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. § 1752(a)(4).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.
> 2. The defendant did so knowingly.

The term "act of physical violence" means any act involving an assault with intent to harm or injure or other infliction
of death or bodily harm on an individual, or damage to, or destruction of, real or personal property. In connection with bodily harm, the act must consist of force capable of causing physical pain or injury to another person.

The terms "restricted building and grounds" and "knowingly" have the same meanings described in the instructions above.

---

[5] 18 U.S.C. § 1752(a)(4); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 23-24); *Tenth Circuit Pattern Jury Instruction* 2.09 (assault requires intent to harm or injure); *Johnson v. United States*, 559 U.S. 133, 140 (2010) (clarifying physical force).

## DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING[6]
### 40 U.S.C. § 5104(e)(2)(D)

Count Six charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;
> 2. The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and
> 3. The defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The terms "disorderly conduct" and "disruptive conduct" have the same meanings as defined above.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

I instruct you that, for purposes of Count Six, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress at the times it was convened on January 6, 2021, to certify the Electoral College vote for the 2020 presidential election.

---

[6] 40 U.S.C. § 5104(e)(2)(D); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 9); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 10-11); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 10-11).

## ACT OF PHYSICAL VIOLENCE IN THE CAPITOL GROUNDS OR BUILDINGS[7]
### 40 U.S.C. § 5104(e)(2)(F)

Count Seven charges that: On or about January 6, 2021, in the District of Columbia, **VINCENT GILLESPIE** willfully and knowingly engaged in an act of physical violence within the United States Capitol Grounds and in any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings.
> 2. The defendant acted willfully and knowingly.

I have already defined the term "act of physical violence" for you in connection with Count Five and it has the same meaning here.

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8. You are instructed that the West Front of the United States Capitol, including the Lower West Terrace, is part of the "United States Capitol Grounds" for purposes of this count.

The terms "willfully" and "knowingly" have the same meanings described in the instructions above.

---

[7] 40 U.S.C. § 5104(e)(2)(F); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 24-25).

## <ins>OBSTRUCTION OF AN OFFICIAL PROCEEDING</ins>[8]
(18 U.S.C. §§ 1512(c)(2), 2)

Count Eight charges as follows: On or about January 6, 2021, within the District of Columbia and elsewhere, **VINCENT GILLESPIE**, attempted to, and did corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. (which is short for United States Code) §§ 15–18, in violation of 18 U.S.C. §§ 1512(c)(2), 2.

Included with this charge is that defendant aided and abetted others to commit this offense.

Attempting or aiding and abetting others to commit this offense are not separate offenses but alternative ways in which the government alleges that defendant **VINCENT GILLESPIE** committed this same offense in Count Eight.

I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

    1. The defendant attempted to or did obstruct or impede an official proceeding;
    2. The defendant intended to obstruct or impede the official proceeding;
    3. The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and
    4. The defendant acted corruptly.

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Eight, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

---

[8] 18 U.S.C. § 1512(c)(2); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 6-8); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 6-9); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 6-9).

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct a proceeding is not negated by the simultaneous presence of another purpose for his conduct. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct with the intent to obstruct or impede an official proceeding, does act corruptly.

**DEFENSE OBJECTION**:

The defense does not believe it is necessary to include instruction on attempt or aiding and abetting, because as defense understands the evidence the government is alleging a completed act. Therefore, the instruction on attempt is confusing and unnecessary.

**GOVERNMENT RESPONSE**:

The conduct alleged in the Superseding Indictment is charged in the conjunctive but need only be proved in the disjunctive. Therefore, the government would like the instruction on attempt as well as aiding and abetting included.