UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VINCENT GILLESPIE,<br><br>Defendant. | Criminal Action No. 22-60 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM OPINION AND ORDER

Defendant Vincent Gillespie, who is facing trial on December 19, 2022, on an eight-count indictment stemming from his alleged conduct at the U.S. Capitol on January 6, 2021, seeks dismissal of Counts Two and Eight, alleging violations of 18 U.S.C. §§ 231(a)(3) and 1512(c)(2), respectively.  Def.'s Mot. Dismiss Counts Two and Eight of the Indictment ("Def.'s Mot."), ECF No. 28.  The challenged charges stem from defendant's alleged "act to obstruct, impede, and interfere with a law enforcement officer, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder," in violation of 18 U.S.C. § 231(a)(3), in Count Two, and "corruptly obstruct[ing], influenc[ing], and imped[ing] an official proceeding, . . . that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment," in violation of 18 U.S.C. § 1512(c)(2), in Count Eight.  Superseding Indictment at 2, 4–5, ECF No. 18.  For the sound and persuasive reasons already articulated by many Judges on this Court in rejecting similar motions by other defendants charged in connection with conduct at the U.S. Capitol on January 6, this motion is denied.

1

I.  DISCUSSION

Defendant challenges the constitutionality and application to his offense conduct of the charges in Counts Two and Eight, but, as the analysis set out below regarding each count makes clear, these arguments are unavailing.

**A. Count Two Charging Violation of 18 U.S.C. § 231(a)(3)**

Count Two accuses defendant of "commit[ting] or attempt[ing] to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." 18 U.S.C. § 231(a)(3). Defendant levies two attacks on Count Two, alleging that the statute is (1) unconstitutionally vague; and (2) impermissibly criminalizes protected First Amendment speech. Def.'s Mot. at 3–8. Neither argument succeeds.

Section 231(a)(3) "provide[s] people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" and does not "encourage[] arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). It clearly prohibits any "act" done "to obstruct, impede, or interfere" with law enforcement responding to a "civil disorder." 18 U.S.C. § 231(a)(3). Contrary to defendant's view, that string of text is not "replete with vague and imprecise terms." Def.'s Mot. at 4. *See United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) ("Even as the vagueness inquiry refers to a law's meaning to the 'ordinary person,' a statutory term is not rendered unconstitutionally vague because it 'do[es] not mean the same thing to all people, all the time, everywhere.'" (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957))).

The same logic applies to undermine defendant's argument that "incident to and during the commission of a civil disorder" is vague. Def.'s Mot. at 5. Title 18 defines a "civil disorder" as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). The riot on January 6, 2021, squarely fits within that description, and, contrary to defendant's view, "virtually any tumultuous public gathering to which police might be called" is not guaranteed to be a "civil disorder" under the statute's definition of such. Def.'s Mot. at 5. Section 231(a)(3) is also clear that an individual charged under this provision need not have participated in the civil disorder—rather, the alleged crime must have occurred *during* an ongoing civil disorder.

Of course, vagueness must be considered "as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18–19 (2010) (cleaned up). As the government alleges, on January 6, 2021, this defendant interfered with law enforcement officers guarding the U.S. Capitol from thousands of rioters, *i.e.*, a civil disorder, by "yell[ing] at the police guarding the building; us[ing] stolen riot shields to push against police; call[ing] police traitors; and grabb[ing] the arm of Metropolitan Police Department ('MPD') Sergeant [] and attempt[ing] to yank that officer into the violent mob." Gov't's Resp. in Opp'n to Def.'s Mot. Dismiss Counts Two and Eight of the Superseding Indictment ("Gov't's Opp'n") at 3–4, ECF No. 33; *see also* Superseding Indictment at 2. If proven, this conduct would violate 18 U.S.C. § 231(a)(3) without question, and thus puts this defendant, and others similarly situated, on notice of prohibited conduct. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("Our prior cases indicate that an indictment is sufficient if it,

3

first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). The Judges on this Court to consider similar challenges to application of this statute to offense conduct by defendants at the U.S. Capitol on January 6, 2021, have unanimously agreed. *See, e.g.*, *United States v. McHugh*, 583 F. Supp. 3d 1, 23–28 (D.D.C. 2022); *United States v. Williams*, No. 21-cr-618 (ABJ), 2022 WL 2237301, at *3–5 (D.D.C. June 22, 2022); *United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163, at *12–13 (D.D.C. May 25, 2022); *United States v. Sargent*, No. 21-cr-258 (TFH), 2022 WL 1124817, at *2–6 (D.D.C. Apr. 14, 2022); *United States v. Fischer*, No. 21-cr-234 (CJN), 2022 WL 782413, at *2–3 (D.D.C. Mar. 15, 2022); *United States v. Nordean*, 579 F. Supp. 3d 28, 56–57 (D.D.C. 2021). Defendant makes no effort to distinguish or critique the reasoning in these cases, presenting no rationale to reach a different conclusion. This Court sees no reason to disagree with those holdings.[1]

Defendant is also incorrect that Section 231(a)(3) is overbroad under the First Amendment. *See* Def.'s Mot. at 7–8. "[I]n a facial challenge to the over-breadth . . . of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *City of Houston v. Hill*, 482 U.S. 451, 458 (1987) (quoting *Hoffman Ests. v. The Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494 (1982)). "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Members of the City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984). A defendant must show "a realistic danger

---

[1] Defendant's argument that 18 U.S.C. § 231(a)(3) lacks a scienter requirement is also flatly wrong. Def.'s Mot. at 5. The statute's *mens rea* is intent "to obstruct, impede, or interfere with" law enforcement officers' lawful performance of official duties, and thus precisely dictates the provision's scienter requirement, which further underscores the statute's clarity.

that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Id.* at 801. "Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." *Virginia v. Hicks*, 539 U.S. 113, 124 (2003).

Section 231(a)(3) criminalizes "any *act* to obstruct, impede, or interfere with" law enforcement—not speech. Other Judges on this Court have rejected similar arguments. *See, e.g.*, *McHugh*, 583 F. Supp. 3d at 28–29; *Williams*, 2022 WL 2237301, at *6–7; *Fischer*, 2022 WL 782413, at *3–4; *United States v. Mostofsky*, 579 F. Supp. 3d 9, 22–24 (D.D.C. 2021); *Nordean*, 579 F. Supp. 3d at 57–58. Again, defendant makes no effort to grapple with the holdings of these cases, and this Court sees no reason to disagree with them.[2]

### B. Count Eight Charging Violation of 18 U.S.C. § 1512(c)(2)

Defendant also takes aim at Count Eight, which charges him with "corruptly . . . otherwise obstruct[ing], influenc[ing], or imped[ing] any official proceeding, or attempt[ing] to do so" in violation of 18 U.S.C. § 1512(c)(2). He first argues that the certification of the Electoral College vote does not constitute an "official proceeding" under the statute. Def.'s Mot. at 9–13. Pointing to the statute's text and purpose, "to enhance and protect the necessary role of crime victims and witnesses in the criminal justice process," he contends that an "official proceeding" must involve "adjudicative or at least 'quasi-adjudicative responsibilities' . . . before a tribunal . . . [in] some type of formal hearing." *Id.* at 10 (internal citations omitted). In comparison, the Electoral College vote is "a ceremonial and administrative event" absent testimony, witnesses, argument, or evidence, and thus is "not an adjudicative proceeding of the

---

[2] The statute's clear interpretation renders meritless defendant's additional argument that Section 231(a)(3) cannot be saved by construction without violating separation of powers. Def.'s Mot. at 8.

type that falls within the ambit of a witness tampering statute such as 18 U.S.C. 1512(c)(2)." *Id.* at 11.

Defendant's position flatly ignores the entirety of the statute's text. As the government notes, the statute expressly defines "official proceeding" to include, *inter alia*, "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B). The certification of the Electoral College vote—a joint convening mandated by the Constitution—was clearly a proceeding. *See United States v. Caldwell*, 581 F. Supp. 3d 1, 11 (D.D.C. 2021) (Mehta, J.) (citing *Proceeding*, BLACK'S LAW DICTIONARY (8th ed. 2004) (defining the term to mean, among other things, "[t]he business conducted by a court *or other official body*" (emphasis added))). The Joint Session bore all the markings of an official body conducting its business in a format similar to a hearing. As Judge Friedrich aptly summarized, "[t]here is a presiding officer, a process by which objections can be heard, debated, and ruled upon, and a decision—the certification of the results—that must be reached before the session can be adjourned." *United States v. Sandlin*, 575 F. Supp. 3d 16, 23 (D.D.C. 2021). This Court declines to adopt the defendant's argument that the proceeding must be adjudicative in nature—an argument undermined by the clear text of 18 U.S.C. § 1515(a)(1)(B). *See Bates v. United States*, 522 U.S. 23, 29 (1997) ("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face."); *United States v. Miller*, 589 F. Supp. 3d 60, 67 (D.D.C. 2002) ("[C]ontext matters, and it makes little if any sense, in the context here, to read 'a proceeding before Congress' as invoking only the judicial sense of the word 'proceeding.' After all, the only proceedings of even a quasi-judicial nature before Congress are impeachment proceedings.").[3]

---

[3] For the same reasons, 18 U.S.C. § 1512(c)(2) is not unconstitutionally vague in its use of "official proceeding," undermining defendant's later argument. *See* Def.'s Mot. at 13–14.

Defendant next asserts that Section 1512(c)(2)'s requirement that a defendant acted "corruptly" is unconstitutionally vague for various reasons, none of which is persuasive. *See* Def.'s Mot. at 13–14; *cf. Johnson v. United States*, 576 U.S. 591, 595 (2015) (reaffirming that the government may not deprive a person of life, liberty, or property without due process of law "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement"). First, this Court has thoroughly rejected the position that "corruptly" is impermissibly vague based on the statute's text. *See, e.g.*, *United States v. DeCarlo*, No. 21-cr-73 (BAH), Mot. Hr'g Tr. at 39–48, ECF No. 66 (D.D.C. Jan. 21, 2022); *United States v. Williams*, No. 21-cr-377 (BAH), Pretrial Conf. Tr. at 89–103, ECF No. 118 (D.D.C. June 10, 2022) (holding that, "given the textual difference of Section 1512(c)(2) taking on the intransitive meaning, the concern about the transitive reading of 'corruptly' undergirding the court's decision in [*United States v.*] *Poindexter*[, 951 F.2d 369 (D.C. Cir. 1991)], has no bearing on a prosecution brought today under Section 1512(c)(2)").[4] From the statute's plain text, defendant was on notice of the type of behavior criminalized under

---

[4] Defendant cites three cases to support his argument that Section 1512(c)(2) is impermissibly vague, but the cases cited undermine rather than bolster his position. *See* Def.'s Mot. at 14; Def.'s Reply in Support of Mot. Dismiss Counts Two and Eight of the Superseding Indictment ("Def.'s Reply") at 6–7, ECF No. 36. For example, in *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), although the D.C. Circuit held that "corruptly" was vague in a different statute, 18 U.S.C. § 1505, it did not conclude that "corruptly" was unconstitutionally vague as applied to all conduct. *Id.* at 378–79. Additionally, the law at the time of *Poindexter* would not prohibit a person making false statements to obstruct a proceeding but would prohibit influencing another person to make false statements to obstruct a proceeding whereas Section 1512(c) was purposefully enacted to ensure that persons acting corruptly, without influencing or persuading others, could also be prosecuted for obstruction. *See also DeCarlo*, Mot. Hr'g Tr. at 39–48 (employing the same reasoning to deny defendant's motion to dismiss Section 1512(c)(2) count). "Courts have since cabined *Poindexter*'s holding to its facts and have not read it 'as a broad indictment of the use of the word "corruptly" in the various obstruction-of-justice statutes.'" *Sandlin*, 575 F. Supp. 3d at 31 (citing *United States v. Shotts*, 145 F.3d 1289, 1300 (11th Cir. 1998)). The second case, *United States v. Morrison*, 98 F.3d 619 (D.C. Cir. 1996), held that the use of the term "corruptly" in 18 U.S.C. § 1512(b) was not unconstitutionally vague such that the defendant was on notice of the exact conduct prohibited. *Id.* at 629–30. Finally, in *Ricks v. District of Columbia*, 414 F.2d 1097 (D.C. Cir. 1968), concerning the vagueness of a D.C. Code provision—D.C. Code § 22-3302(1), (3), (8)—the Circuit's holding focused on the imprecise wording of the statute which created an "an almost boundless area for individual a[s]sessment of the morality of another's behavior." *Id.* at 1106. Yet Section 1512(c)(2) is not at all imprecise, as explained previously, and defendant's ability to conjure synonyms for the word "corruptly" does not render the statute unconstitutionally ambiguous. *See* Def.'s Reply at 7.

7

Section 1512(c)(2). The Supreme Court similarly has found no ambiguity in the term "corruptly" when used in criminal statutes. *See United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring) ("Statutory language need not be colloquial, however, and the term 'corruptly' in criminal laws has a longstanding and well-accepted meaning. It denotes an act done with an intent to give some advantage inconsistent with official duty and the rights of others") (internal citations omitted).

Second, contrary to defendant's position, the fact that the language in question resides in a "residual clause" does not lead to more indeterminacy or arbitrariness in application of the phrase. *See* Def.'s Mot. at 13–14. Section 1512(c)(2) is a residual clause by further defining Section 1512(c)(1) to include unenumerated conduct that "*otherwise* obstructs, influences, or impedes any official proceeding, or attempts to do so." 18 U.S.C. § 1512(c)(2). Thus, paragraph (c)(2) does not function in the same way as the residual clause to which defendant points in *Johnson*. There, the Supreme Court held that a residual clause in the Armed Career Criminal Act left "uncertainty" as to "the risk posed by a crime." 576 U.S. at 597–98. As Judge Bates succinctly explained in *McHugh*, however, "[a]lthough the two provisions [under 18 U.S.C. § 1512(c)] share a subject and adverb ('whoever corruptly'), paragraph (c)(2) contains an independent list of verbs that take a different object ('any official proceeding') from the verbs in paragraph (c)(1) (which take the object 'a document, record, or other object'). . . . In short, rather than 'A, B, C, or otherwise D,' section 1512(c) follows the form '(1) A, B, C, or D; or (2) otherwise E, F, or G.'" *United States v. McHugh*, No. 21-cr-453, 2022 WL 1302880, at *5 (D.D.C. May 2, 2022). The statute's clear construction thus undermines defendant's vagueness assertion, regardless of Section 1512(c)(2) being a residual clause.[5]

---

[5] To be sure, one Judge on this Court has ruled that Section 1512(c)(2) is "linguistically awkward" because of the uncertain meaning and function of "otherwise." *United States v. Miller*, 589 F. Supp. 3d 60, 67–72 (D.D.C.

Finally, defendant cites *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2002), currently on appeal before the D.C. Circuit, to argue that Section 1512(c)(1) limits the scope of (c)(2) and thus "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence an official proceeding.'" Def.'s Mot. at 15–17 (quoting *Miller*, 589 F. Supp. 3d at 78). *Miller* held that Section 1512(c)(1)'s express coverage of only obstructive conduct with a nexus to a "record, document, or other object" as similarly limiting the scope of Section 1512(c)(2). *Miller*, 589 F. Supp. 3d at 78–79. This Court, however, has repeatedly sided with nearly every other Judge in the District to reject this reading of the statute, providing extensive explanations in oral rulings. *See United States v. Brock*, No. 21-cr-140 (JDB), 2022 WL 3910549, at *2 (D.D.C. Aug. 31, 2022); *United States v. Rodriguez*, No. 21-cr-246 (ABJ), 2022 WL 3910580, at *8–9 (D.D.C. Aug. 31, 2022); *United States v. Grider*, No. 21-cr-22 (CKK), 2022 WL 3016775, at *3 (D.D.C. July 29, 2022); *Williams*, 2022 WL 2237301, at *17 n.13; *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *14 (D.D.C. June 28, 2022); *McHugh*, 2022 WL 1302880, at *2–12; *United States v. Fitzsimons*, No. 21-cr-158 (RC), 2022 WL 1698063, at *6–12 (D.D.C. May 26, 2022); *United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163, at *3–11 (D.D.C. May 25, 2022); *United States v. Reffitt*, No. 21-cr-32 (DLF), 2022 WL 1404247, at *5–10 (D.D.C. May 4, 2022); *United States v. Puma*, No. 21-cr-454 (PLF), 2022 WL 823079, at *4–13 (D.D.C. Mar. 19, 2022); *United States v. Andries*, No. 21-cr-93 (RC), 2022 WL 768684, at *9 (D.D.C. Mar. 14, 2022); *United States v. Bozell*, No. 21-cr-216 (JDB), 2022 WL 474144, at *5

---

2022) (Nichols, J.). This Court, however, agrees with the otherwise unanimous reading that every other Judge on this Court has given to this statute. *See infra* at p. 9–10. Furthermore, nuanced differences in reasoning among jurists do not suffice to render a term vague. A statute is only unconstitutionally vague if in "applying the rules for interpreting legal texts, its meaning specifies no standard of conduct at all." *Bronstein*, 849 F.3d at 1107 (cleaned up). A standard of conduct is clearly included in Section 1512(c)(2).

(D.D.C. Feb. 16, 2022); *Caldwell*, 581 F. Supp. 3d at 21; *Montgomery*, 578 F. Supp. 3d at 69–79; *Mostofsky*, 579 F. Supp. 3d at 25; *Nordean*, 579 F. Supp. 3d at 43–46; *Sandlin*, 575 F. Supp. 3d at 23–28; *see also United States v. DeCarlo*, No. 21-cr-73 (BAH), Mot. Hr'g Tr. at 25–50, ECF No. 66 (D.D.C. Jan. 21, 2022); *United States v. Williams*, No. 21-cr-377 (BAH), Pretrial Conf. Tr. at 68–114, ECF No. 118 (D.D.C. June 10, 2022); *United States v. Bledsoe*, No. 21-cr-204 (BAH), Oral Ruling (D.D.C. July 15, 2022); *United States v. Herrera*, No. 21-cr-619 (BAH), Oral Ruling (D.D.C. Aug. 15, 2022). Defendant offers no reason to depart from this Court's prior rulings.[6]

## II. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Dismiss Counts Two and Eight, ECF No. 28, is **DENIED**.

**SO ORDERED.**

Date: November 29, 2022

_____
BERYL A. HOWELL
Chief Judge

---

[6] Defendant also asserts that Section 1512(c)(2)'s vagueness "is demonstrated by the large breadth with which the government seeks to apply it, resulting in vast inconsistencies—charging some individuals who reached the Senate floor, . . . others, like Gillespie, [who] did not even enter the Capitol building, . . . and others who entered offices, but not others who entered offices, . . . or others who entered the speaker's conference room." Def.'s Mot. at 14. This sounds like a critique of the government's charging decisions in cases stemming from the January 6, 2021, attack on the Capitol, but that does nothing to paint the statute as unclear. "[T]he presence of enforcement discretion alone does not render a statutory scheme unconstitutionally vague." *Kincaid v. District of Columbia*, 854 F.3d 721, 729 (D.C. Cir. 2017). That is because "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings[] or what precise charge shall be made." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) (quoting *Newmann v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967)) (first alteration in original). As Judge Moss explained, "[t]he relevant question is not whether prosecutors have pursued every case in which a defendant may be charged under a given statute. All that is required is that the statute in question 'constrains a specific, objectively defined and observable behavior.'" *Montgomery*, 578 F. Supp. 3d at 84 (quoting *Agnew v. Gov't of Dist. of Columbia*, 920 F.3d 49, 58 (D.C. Cir. 2019)). As Judge Moss similarly concluded in *Montgomery*, Section 1512(c)(2) sufficiently puts defendants on notice of prohibited conduct, and so critiquing the government's charging decisions is fruitless.