UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VINCENT GILLESPIE,<br><br>Defendant. | Criminal Action No. 22-60 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Defendant Vincent Gillespie, who is facing trial on December 19, 2022, on an eight-count indictment stemming from his alleged conduct at the U.S. Capitol on January 6, 2021, seeks to exclude two categories of evidence the government plans to present: (1) "any general evidence" of the events on January 6, 2021, including testimony, videos, photos, or other exhibits from sites at and around the U.S. Capitol where defendant was not located; and (2) "references at trial by any witnesses or the government pejoratively characterizing the [January 6] event[s] as an 'insurrection,' 'riot,' or 'attack' and those assembled on the Capitol grounds as 'rioters' or 'mobs.'" Def.'s Mots. in Limine ("Def.'s Mot.") at 1, ECF No. 29. Pursuant to Federal Rules of Evidence 401, 402, and 403, this motion is denied.

I.  **DISCUSSION**

As defined by Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Generally, "[i]rrelevant evidence is not admissible," FED. R. EVID. 402; however, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

1

cumulative evidence," FED. R. EVID. 403.  According to Rule 403's plain text, this exclusionary rule does not bar all potentially prejudicial evidence.  Instead, the term "unfair prejudice" "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Advisory Committee's Note, Federal Rule of Evidence 403).  "Rule 403 'tilts . . . toward the admission of evidence in close cases." *Id.* at 474 (quoting *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984)).  These evidentiary standards make defendant's instant motion untenable.

      First, "general evidence" of events and conduct by defendant and others on January 6, 2021, is highly relevant to the charged offenses and any unfair prejudice arising from the evidence, if present, does not substantially outweigh the probative value of the evidence.  *See* Def.'s Mot. at 2–4.  Defendant characterizes the "general evidence" as "[e]vidence in the aggregate, related to the conduct of others on January 6, 2021—including protesters, demonstrators, and people generally." *Id.* at 2–3.  According to defendant, because he was only on Capitol grounds for approximately fifteen minutes, the actions of others similarly situated on that day are irrelevant to his alleged conduct, and so the evidence at trial should only reflect his actions during that limited period.  *Id.* at 2.  Not so at all.  Defendant's position fails to address the obvious relevance of the so-called "general evidence" to the offenses with which he is charged.  *See* Gov't's Opp'n to Def.'s Mot. in Limine to Preclude General Evidence and Use of Certain Language ("Gov't's Opp'n") at 3–6, ECF No. 34.  For instance, the violence of others at the Capitol is relevant to the threat members of the crowd posed to law enforcement and lawmakers being evacuated from and hiding inside the building, contextualizing law enforcement's threat mitigation efforts that day.  *See id.* at 4.  Evidence of the magnitude of the crowd that descended on the Capitol is also related to law enforcement's inability to focus on

specific individuals' actions. *See id.* The sheer size of the crowd and its quick ability to overwhelm Capitol security and storm the building led to the evacuation of lawmakers gathered on January 6, 2021, to certify the Electoral College vote count and the eventual delay of that proceeding. *See id.* Moreover, the government's proffer regarding this defendant's location and conduct on January 6, 2021 indicates that he was situated in the midst of this crowd able to observe the acute challenges to law enforcement and security threats posed. All such "general evidence" about the events on January 6 assists the jury in better understanding the parties' actions that day and thus the alleged criminal conduct of defendant.

The specific charges defendant faces also require "general evidence" of events on January 6, 2021, to prove elements of those offenses. For example, defendant is charged in Count Two with Civil Disorder in violation of 18 U.S.C. § 231(a)(3), *see* Superseding Indictment at 2, ECF No. 18, which requires the government to show that defendant "commit[ted] or attempt[ed] to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." Title 18 defines a "civil disorder" as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). Plainly, others' actions on January 6 at the Capitol in combination with defendant's own actions are relevant to whether a federally protected function—*i.e.*, the Electoral College vote certification—was obstructed, delayed, or adversely

affected and whether the events on January 6 constitute a public disturbance involving the violence of three or more people and posing dangers to people and property.

The same logic applies to proving Count Eight, which charges defendant with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) and § 2. Superseding Indictment at 4–5. To prove that offense, the government must establish that defendant "corruptly . . . obstruct[ed], influenc[ed], or imped[ed] any official proceeding, or attempt[ed] to do so" or aided and abetted others in so doing. 18 U.S.C. § 1512(c)(2), § 2. Here, obstructing, influencing, or impeding the Electoral College vote certification, an official proceeding, involves the collective action of defendant and others similarly situated overtaking law enforcement and entering the Capitol without permission, so the crowd's conduct is relevant to the charge. The additional aiding and abetting charge specifically hinges on cooperative behavior: it cannot be proven with evidence that has been diligently scrubbed of all signs of other actors. As the Supreme Court has held in *Rosemond v. United States*, 572 U.S. 65 (2014), "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id.* at 76 (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)). Here, the government alleges that defendant "yelled at the police guarding the building; used stolen riot shields to push against police; . . . and grabbed the arm" of an Metropolitan Police Department officer and "attempted to yank that officer into the violent mob" later explaining that he wanted to enter the Capitol because "we cannot let what happened in this election stand." Gov't's Opp'n at 2. Evidence that defendant knowingly participated in a broader venture to interfere with a congressional proceeding would necessarily demonstrate the broader mass of rioters of which defendant was a part.

4

Defendant next argues that "general evidence" about the actions of others on January 6, 2021, would unfairly prejudice him because it would "impermissibly inflame the passions of the jury and provide a skewed perspective of Gillespie's actual alleged conduct" while "allow[ing] the jury to superimpose the general conduct of others onto Gillespie." Def.'s Mot. at 4.  To be sure, evidence that many people in defendant's vicinity committed crimes may incline a jury to infer that defendant is culpable, too, as a member of that crowd.  This risk, however, is best mitigated through cross-examination by defendant at trial, who is free to attempt to differentiate himself from other rioters.  Defendant may also make individual objections to certain exhibits, in whole or in part, at trial if he believes that any exhibits, or portions thereof, are irrelevant or unfairly prejudicial to the charges and thus are inadmissible.  Nevertheless, at this juncture, the evidence of the conduct of others is so probative to the charges defendant faces that the probative value "substantially outweighs" the risk of unfair prejudice.  FED. R. EVID. 403.

Defendant's second exclusion request faces a similar fate.  He argues that neither the government nor any witness may use the terms "insurrection," "attack," "riot," "mob," or "rioters" throughout the trial because, "[b]esides being misleading and prejudicial, such characterizations do nothing to prove any fact at issue" and "will only result in an appeal to emotion, rather than an objective consideration of the charge in the indictment." Def.'s Mot. at 4–5.  Defendant, however, does not grapple with the fact that the words also accurately describe the events that occurred on January 6, 2021.[1]  This is why the D.C. Circuit, this Court, and other

---

[1] *See Insurrection*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/insurrection (last visited Nov. 30, 2022) ("an act or instance of revolting against civil authority or an established government"); *Attack*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/attack (last visited Nov. 30, 2022) ("the act of attacking with physical force or unfriendly words: assault"); *Riot*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/riot (last visited Nov. 30, 2022) ("a violent public disorder"); *Rioter*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/rioter (last visited Nov. 30, 2022) (an individual who "create[s] or engage[s] in a riot"); *Mob*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/mob (last visited Nov. 30, 2022) ("a large and disorderly crowd of people").

Judges on this Court have used these terms throughout January 6 proceedings.  *See, e.g.*, *Trump v. Thompson*, 20 F.4th 10 (D.C. Cir. 2021) (using the terms "insurrection," "riot," "rioters," "attack," and "mob" throughout the opinion); *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021) (using the terms "insurrection," "riot," "rioters," and "mob" throughout the opinion); *United States v. Bledsoe*, No. 21-cr-204 (BAH), 2022 WL 3594628; at *2 (D.D.C. Aug. 22, 2022) (describing "The January 6, 2021 Attack on the Capitol" and referring to the "mob," "riot," and "rioters"); *United States v. Ballenger*, No. 21-cr-719 (JEB), 2022 WL 16533872 (D.D.C. Oct. 28, 2022) (referring to the January 6, 2021, "insurrection" and "attack"); *United States v. Grider*, No. 21-cr-22 (CKK), 2022 WL 3016775 (D.D.C. July 29, 2022) (referring to January 6, 2021, as an "insurrection" and "riot" committed by "rioters" and a "mob"); *United States v. Reffitt*, No. 21-cr-32 (DLF), 2022 WL 1404247 (D.D.C. May 4, 2022) (referring to the January 6, 2021, "insurrection" committed by "rioters" and a "mob"); *United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163 (D.D.C. May 25, 2022) (referring to January 6, 2021, as an "insurrection" and "riot" committed by "rioters" and a "mob").

That aside, the terms also overlap with elements of the charged offenses, which the government must prove at trial.  For example, obstructing, impeding, or interfering with law enforcement duties incident to and during a civil disorder of many hundreds of people, or a mob, is a violent public disorder, or a riot.  Knowingly engaging in physical violence against any person or property using physical force is an assault, or an attack.  Obstructing, influencing, or impeding an official government proceeding with the intent to disrupt an electoral vote is a revolt against an established government, or an insurrection.  While these terms could trigger emotional responses in some individuals, the mere use of these terms does not, at this stage, signal prejudice substantially outweighing their probative value.  Thus, muzzling the government and

witnesses from employing commonly used phrases to describe the events on January 6, 2021, is impractical and does not amount to unfair prejudice in violation of Federal Rule of Evidence 403.

## II. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motions in Limine, ECF No. 29, is **DENIED**.

**SO ORDERED.**

Date: November 30, 2022

_____
BERYL A. HOWELL
Chief Judge