IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

    v.  :  Criminal No. 22-060-BAH

**VINCENT GILLESPIE**

**DEFENDANT'S RESPONSE TO PROPOSED INSTRUCTIONS AND VERDICT SLIP RE: COUNT TWO (18 U.S.C. §§ 231(a)(3))**

Mr. Vincent Gillespie, by and through his attorneys, submits the within memorandum of law in support of their request, in relation to Count Two of the Indictment, which charges civil disorder in violation of 18 U.S.C. §§ 231(a)(3), for a unanimity instruction as well as a verdict slip relative with special interrogatories. The unanimity instruction and interrogatories and necessary because 18 U.S.C. § 231(a)(3) contains a jurisdictional element that is charged in the alternative and the jury must be unanimous in finding which theory (if either) is the basis of its determination.

Section 231(a)(3) provides that:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce **or** the conduct or performance of any federally protected function – shall be fined under this title or imprisoned not more than five years or both.

(emphasis supplied). It is Mr. Gillespie's position that whether the civil disorder impacts commerce or impacts a federally protected function are two alternatives of the jurisdictional element of the offense. They are not, as the defense anticipates the government will argue,

1

differing means to satisfy the same element.[1]  As such, the jury must be unanimous as to its finding on the jurisdictional element.

Because Congress lacks general constitutional authority to punish crimes, most federal offenses include a jurisdictional element. *See Torres v. Lynch*, 578 U.S. 452, 457 (2016).  The jurisdictional element "ties the substantive offense . . . to one of Congress's constitutional powers, thus spelling out the warrant for Congress to legislate," *id.,* and "address[es] the reach of [Congress's] legislative authority." *United States v. Munoz Miranda*, 780 F.3d 1185, 1195 (D.C. Cir. 2015).  In *Munoz Miranda*, the D.C. Circuit observed that:

> Statutes that establish 'jurisdictional elements' not only contain no use of the term 'jurisdiction', but consistent with the description 'jurisdictional *element*,' treat the relevant condition as an element of the offense to be found by a jury.  In that sense, 'proof of [a jurisdictional element] is no different from proof of any other element of a federal crime.'

*Id.* (quoting *Hugi v. United States*, 164 F.3d 378, 381 (7th Cir. 1999)(emphasis and brackets in original).  The jurisprudence is clear that "a 'jurisdictional element' requires a factual finding justifying the exercise of federal jurisdiction in connection with any individual application of the statute." *United States v. Harrington*, 108 F.3d 1460, 1464 n.2 (D.C. Cir. 1997).

To be clear, Mr. Gillespie is not arguing that the government must proceed upon only one of the two alternatives of the jurisdictional element. The government may argue both alternatives, but to sustain a verdict of guilty on the 18 U.S.C. § 231(a)(3) charge, the jury must unanimously find that the government proved at least one alternative beyond a reasonable

---

[1] The defense notes that in at least one other January 6th prosecution, the government has acknowledged that the element at issue in 18 U.S.C. §231(a)(3) is jurisdictional.  *See United States v. Nordean*, 1:21-cr-175-TJK, Docket Entry 106 at 2 (discussing §231(a)(3), the government states that "[F]ederal jurisdiction is established by Congress's power to regulate the conduct or performance of a federally protected function, *i.e.*, proceedings at the Capitol, the very seat of the U.S. Government.").

2

doubt.[2] *See United States v. Williams,* 299 F.3d 250, 254 (3d Cir. 2002) ("Like all elements of criminal offenses, the Government must prove the jurisdictional element beyond a reasonable doubt.") Otherwise, Mr. Gillespie could conceivably be found guilty without jury unanimity as to the jurisdictional basis upon which he is being charged by the United States government, resulting in a conviction outside of the bounds of the federal government's jurisdiction over him, offensive to the Sixth Amendment to the United States Constitution and due process in general.

Finally, Mr. Gillespie anticipates that the government will argue that in previously tried January 6th prosecutions, no such unanimity requirement has been imposed, nor have special interrogatories been submitted to the jury. This may be so, but it is because in the prior cases, either this issue was not raised, or the parties have stipulated that **both** alternative elements were satisfied. *See United States v. Robertson*, No. 1:21-cr-34-CRC, Docket Entries 81 and 83 (stipulating that the civil disorder impacted commerce and federally protected function).[3] Further, the defense notes that in at least one least one other January 6th prosecution, the verdict slip relative to §231(a)(3) has contained special interrogatories to make the jury's finding clear. *See United States v. Williams*, 1:21-cr-0618-ABJ, Docket Entry 106 at 128.

As such, the defense requests that the verdict slip relative to Count Two contain special interrogatories, and requests a unanimity instruction in conjunction with Count two, with the following proposed language:

> "If you find the defendant not guilty of this offense, you will go on to Count Three on the verdict form. If the government has established all three elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form: 1) whether the jury unanimously agrees that the government has shown that the civil disorder obstructed, delayed, or adversely affected

---

[2] Mr. Gillespie submits that the verdict slip relative to Count Two must contain special interrogatories to make the jury's finding clear, and has attached a proposal concerning Count Two hereto, as Exhibit A.

[3] The government proposed, and Mr. Gillespie rejected, the same stipulations in this matter.

3

commerce; and 2) whether the jury unanimously agrees that the government has shown that the civil disorder obstructed, delayed or adversely affected the conduct of a federally protected function."

Date:  December 21, 2022          Respectfully submitted:

VINCENT GILLESPIE
 By his attorneys

*/s/ Timothy G. Watkins*
Timothy G. Watkins
Forest O'Neill-Greenberg
Aziza Hawthorne
Federal Defender Office
51 Sleeper Street, Fifth Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Forest O'Neill-Greenberg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 21, 2022.

*/s/ Forest O'Neill-Greenberg*
Forest O'Neill-Greenberg

## EXHIBIT A

### Count II

I. How do you find Defendant Vincent Gillespie on the charge of Civil Disorder in Count II in the Indictment?

_____ Guilty    _____ Not Guilty

**If you find the defendant Not Guilty as to Count II, go on to Count III.**

**If you find the defendant Guilty on Count II, you must respond to the following interrogatories:**

Does the jury unanimously agree that the government has shown that the civil disorder obstructed, delayed, or adversely affected commerce?

_____ Yes    _____ No

Does the jury unanimously agree that the government has shown that the civil disorder obstructed, delayed or adversely affected the conduct of a federally protected function?

_____ Yes    _____ No