UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-00060-BAH |
| | ) | |
| VINCENT GILLESPIE | ) | |

**<u>DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM</u>**

In his objections to the Presentence Report (PSR), Mr. Gillespie objected to the Probation Department's recommendation in ¶¶45 & 53 that the Court apply a six-level enhancement pursuant to U.S.S.G. §3A1.2(b) to reflect official victim motivation. Yet in his initial Sentencing Memorandum [D.E. 80], Mr. Gillespie indicated to the Court that he was withdrawing that objection to the PSR. *Id.* at 3 fn.1. A closer reading of the interplay of U.S.S.G. §3A1.2 and §2A2.4, however, reveals that the Sentencing Memorandum's abandonment of the objection to the enhancement was wrong because the enhancement cannot apply to Mr. Gillespie.

The commentary to U.S.S.G. §3A1.2 specifically directs that an enhancement for official victim is precluded where a defendant is sentenced pursuant to U.S.S.G. §2A2.4:

> **Nonapplicability in Case of Incorporation of Factor in Chapter Two.**—Do not apply this adjustment if the offense guideline specifically incorporates this factor. The only offense guideline in Chapter Two that specifically incorporates this factor is §2A2.4 (Obstructing or Impeding Officers).

U.S.S.G. §3A1.3, *comment.* (n.2). There is no dispute here that U.S.S.G. §2A2.4, which applies to obstructing and impeding officers, is the starting point for calculating Mr. Gillespie's guideline sentencing range given his convictions on the 18 U.S.C. §111(a) and §231(a)(3) counts. *See* PSR ¶¶34-35. Indeed, for the reasons set forth in Mr. Gillespie's objections and sentencing memoranda, §2A2.4 is likewise the endpoint for calculating his guideline sentencing range. As the commentary makes patent, the enhancement for official victim motivation is

therefore precluded in Mr. Gillespie's case.

For this reason, Mr. Gillespie renews his objection to applying the official victim enhancement to increase his guideline sentencing range. Properly calculated without the six-point enhancement, the guideline sentencing range is **12-18 months imprisonment**. A sentence within that range is sufficient, but not greater than necessary, to achieve 18 U.S.C. § 3553(a)'s goals. The Court should sentence Mr. Gillespie accordingly.

VINCENT GILLESPIE
By his attorneys,

*/s/ Timothy G. Watkins*
Timothy G. Watkins
Forest O'Neill-Greenberg
Aziza Hawthorne
Federal Defender Office
51 Sleeper Street, Fifth Floor
Boston, MA 02210
617-223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 12, 2023.

/s/ Timothy G. Watkins
Timothy G. Watkins